UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| PAT BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 04-260-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JERRY FANNIN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Pat Bradley's motion to hold this case in abeyance pending the outcome of an appeal which is currently pending before the Kentucky Court of Appeals. [Record No. 19] Although a number of other motions have been filed, those matters are not ripe for review. Having reviewed the authorities cited by the parties regarding the motion to hold in abeyance, the Court believes that the relief requested is inappropriate and should not be granted.

**I.     Relevant Facts**

This action was instituted on July 20, 2004. [Record No. 1] The Plaintiff's Complaint contains claims for relief under 42 U.S.C. § 1983 based upon allegations that she was stigmatized by the Defendants' dissemination of false information in conjunction with her discharge from employment and the Defendants' corresponding failure to provide an appropriate "name-clearing" hearing. [*See* Record No. 1; Count I.] In Count II, Bradley asserts that the Defendants violated her Fourth and Fourteenth Amendment rights by their abuse of authority in

-1-

having her private life investigated by the City of Prestonsburg's police department. Bradley alleges in Count III that the City of Prestonsburg maintained a "policy or custom" at relevant times which allowed Defendant Jerry Fannin to use his mayoral authority to serve his own private interests and that such actions violated the Plaintiff's Fourth and Fourteenth Amendment rights. In addition, the Plaintiff asserted claims under state law in Count IV (wrongful discharge) and Count V (breach of employment contract).[1]

Prior to filing the current action with this Court, Bradley instituted a separate action in the Floyd Circuit Court on July 28, 2003. That action apparently contains similar allegations against the Defendants as are set out in Counts IV and V of this action. The state court action is captioned: *Pat Bradley v. Jerry Fannin, individually, and in his official capacity as the Mayor of Prestonsburg, and City of Prestonsburg, Kentucky*, Commonwealth of Kentucky, Floyd Circuit Court, Civil Action No. 03-CI-1055.

On July 7, 2004, the Plaintiff sought to dismiss the state action by the filing of a Motion for Voluntary Dismissal pursuant to Rule 41.01(2) of the Kentucky Rules of Civil Procedure. However, this motion was denied by the Floyd Circuit Court on September 7, 2004. According to the Defendants, the state court's determination was based on several factors including: the length of time the case had been pending; the parties' trial preparations; and the failure of the Plaintiff to raise the issue of voluntary dismissal without prejudice during an earlier pretrial conference.

---

[1] Count VI does not set forth a separate claim for relief, but merely seeks the recovery of punitive damages.

Following the circuit court's denial of her motion to voluntary dismiss the action, Bradley filed a petition for a writ of mandamus with the Kentucky Court of Appeals in an attempt to require the circuit court to issue the requested relief. However, the appellate court refused to issue the writ and the matter proceeded to trial beginning April 11, 2005. A review of the transcript from the April 11th proceeding indicates that Plaintiff's counsel again renewed her motion to dismiss on the morning or trial. [Record No. 21; attached transcript, p. 14] The Defendants then advised the circuit court that they did not object to the dismissal. Counsel for Defendant Fannin explained that:

> Well, in view of the issues that have been raised in the case and identical issues with one more, perhaps two more in the United States District Court, it is our belief that the best interest of the Defendants, especially the Mayor individually, are best served if he's tried in Federal Court and the reasons are quite obvious. Of course, the Plaintiffs wants (sic) these things up there but the Mayor gets the benefit of a unanimous jury verdict in Federal Court instead of nine versus three. The summary judgment standard is much more favorable to a defendant in the Federal forum because most employment cases in our experience of doing a number there, are determined by summary judgment, and in view of the coverage issues we believe that the Mayor's best interest and those of the city are served if the case is tried in Federal Court.

[Record No. 21; transcript, p. 15.]

After further discussion, counsel for Bradley withdrew her oral motion to dismiss. *Id*. at 18. Following presentation of the Plaintiff's evidence, the circuit court issued a directed verdict in favor of the Defendants. A Final Judgment of Dismissal was then entered May 4, 2005. On May 19, 2005, the Plaintiff filed a Notice of Appeal with the Kentucky Court of Appeals.

**II.    Analysis**

Bradley claims that this federal action was filed after she discovered during the course of Defendant Fannin's deposition that she had additional federal claims that could be asserted.[2] Thus, she claims that at the time her original action was filed in state court, she was unaware that a federal forum was available. Further, she contends that she filed this action on July 20, 2004, to avoid application of the one year statute of limitations applicable to her federal claims. The Plaintiff asserts that this Court should hold this matter in abeyance to await the decision of the Kentucky Court of Appeals because she claims that appeal will determine whether her state law claims may be tried in this federal forum. And while Bradley has cited no authority for her position, she argues that it would be a waste of judicial resources and would make little sense to proceed to trial on her federal claims without knowing whether he state law claims will eventually survive.[3]

In response, the Defendants contend that Bradley's argument concerning her motion to voluntarily dismiss the state court action is specious in light of her action in withdrawing the motion prior to trial. Further, as the matter now stands, the dismissal of the Plaintiff's state law claims is binding on this Court. *Huron Holding Corporation v. Lincoln Mine Operating Co.*, 312 U.S. 183 (1941). In addition, even if the Kentucky Court of Appeals were to reverse the decision of the Floyd Circuit Court, this Court would not be required to exercise pendent

---

[2] Bradley asserts that her claim under Count I arose after the Defendants failed to provide her with a name clearing hearing. The request for this hearing was made in April, 2004 which was several months following the filing of her state court action.

[3] Bradley also indicates in a footnote that if her motion is not granted, the trial of this action should be continued due to a conflict with the Thanksgiving holiday. If the parties wish to file a formal motion regarding this issue, they may do so and the Court will address it in due course.

jurisdiction over the Plaintiff's state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

While it is not necessary for this Court to determine at this time whether to exercise pendent jurisdiction over the Plaintiff's state law claims, it would appear that this matter should proceed with respect to the Plaintiff's remaining claims. In summary, having reviewed the parties' respective positions, the Court does not believe that it would be a waste of time and/or judicial resources to proceed to trial as scheduled.

Accordingly, it is hereby **ORDERED** that the Plaintiff's motion to hold this matter in abeyance [Record No. 19] is **DENIED**.

This 7th day of September, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge