UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| PAT BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 04-260-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JERRY FANNIN, Individually, and in his | ) | |
| Official Capacity as Mayor of | ) | **MEMORANDUM OPINION** |
| Prestonsburg, Kentucky and CITY OF | ) | **AND ORDER** |
| PRESTONSBURG, KENTUCKY, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is pending for consideration of Plaintiff's motion to hold the case in abeyance [Record No. 19], the Defendants' motion to dismiss [Record No. 20], Defendant's motion for summary judgment [Record No. 22], and Plaintiff's motion for partial summary judgment [Record No. 24]. While these motions focused on the Plaintiff's state law claims, they did not address her accompanying Federal claims. After reviewing the parties' respective positions, the Court directed that supplemental memoranda be filed concerning whether *res judicata* barred all claims asserted in this action. Having received all supplemental memos, this case is now ripe for review. And after reviewing the relevant authorities, the Court will grant the Defendants' motion to dismiss with prejudice, and dismiss all remaining motions as moot.

-1-

I.   RELEVANT FACTS

Plaintiff Pat Bradley was employed as the Executive Director of the Mountain Arts Center located in Prestonsburg, Kentucky from March 2002 to July 2003.[1] She was discharged from this position by Defendant Jerry Fannin, Mayor of the City of Prestonsburg, on July 28, 2003. Bradley asserts that she was discharged:

> for implementing policies and procedures at the Mountain Arts Center by Defendant, Fannin, for implementing policies and procedures with regard to the issuance of complimentary tickets, which served to stop the Mayor from taking an unlimited number of free tickets, and for objecting to the Mayor's use of the facility for his family and friends, and the Mayor's use of functions, events, and concerts held at the Mountain Arts Center for his own benefit and that of his friends, family, and associates. Defendant, Fannin, replaced Plaintiff with an individual of his choosing, so that he could continue his practice of using the Mountain Arts Center for his own benefit.

[Record No. 1, p. 3 ¶ 16]

In addition, Bradley claims that she learned on April 27, 2004, that Fannin has used his position as Mayor to order the Prestonsburg Police Department to investigate Bradley's personal life. She further alleges that Fannin made false allegations concerning an alleged affair involving Bradley and a third person. [*Id.* at ¶ 18]

### A.   The State Action[2]

On July 28, 2003, Bradley filed suit in the Floyd Circuit Court against Fannin in his individual and official capacity and against the City of Prestonsburg. Bradley's state complaint

---

[1] For purposes of resolving the pending motions under Rule 12 of the Federal Rules of Civil Procedure, the Court assumes the truth of the allegations contained in Plaintiff's Complaint.

[2] The facts relating to the action filed in state court are also summarized in the Court's Memorandum Opinion and Order filed September 7, 2005. [Record No. 26]

alleged that the Defendants' actions constituted wrongful discharge and were a breach of her employment contract under Kentucky law. Bradley alleges that during discovery in the state action that she learned that Fannin had used his position as mayor to have her followed and investigated by the Prestonsburg Police Department. After acquiring this information, Bradley tried to move the litigation to Federal Court. On July 7, 2004, Bradley attempted to dismiss the state action by filing a motion for voluntary dismissal pursuant to Rule 41.01(2) of the Kentucky Rules of Civil Procedure. The Floyd Circuit Judge denied this motion on September 7, 2004. Bradley then attempted to have this determination set aside through a writ of mandamus, although that effort was unsuccessful.

Trial of the state action commenced on April 11, 2005. However, before trial began, Bradley's counsel renewed her motion for voluntary dismissal. [Record No. 21, Attached Transcript, p. 14]. After discussions with the Court and opposing counsel, Bradley's attorney withdrew her motion and proceeded to trial. [*Id.* at p. 18] At the conclusion of Bradley's case-in-chief, the state court issued a directed verdict in the Defendants' favor. Following entry of a final judgment, Bradley appealed to the Kentucky Court of Appeals. That appeal remains pending.

### B. The Federal Action

Bradley filed this action on July 28, 2003, while her motion to voluntarily dismiss was pending in the Floyd Circuit Court. [Record No. 1] In addition to asserting identical state claims for wrongful discharge (Count V), the Plaintiff added claims under 42 U.S.C. § 1983 alleging that: she had been stigmatized by Fannin's dissemination of false information in connection with

her wrongful discharge (Count I); Defendant Fannin had abused his power and position by having Bradley investigated (Count II) and; that the Defendant City of Prestonsburg's deliberate indifference to Fannin's conduct constituted an improper municipal policy, custom or practice which deprived her of rights secured by the Fourth and Fourteenth Amendments (Count III). While Bradley sought to dismiss her claims in the Floyd Circuit Court, she did not attempt to amend her state court action to add federal claims under 42 U.S.C. § 1983.

The parties submitted a discovery plan pursuant to Rule 26(f) on October 15, 2004. [Record No. 9]. Thereafter, a Scheduling Order was filed on October 19, 2004, which set a July 31, 2005 deadline to complete discovery. [Record No. 10] The record reflects that United States Magistrate Judge Peggy Patterson conducted a telephone conference on February 22, 2005, [Record No. 15] and a settlement conference on July 21, 2005. [Record No. 18.] The Orders entered following these matters do not reflect any concern with discovery or any request to extend any of the deadlines set by the Court.

On August 17, 2005, Bradley moved the Court to hold the action in abeyance pending the outcome of her state appeal. [Record No. 19] The Defendants responded to the Plaintiff's motion and also moved to dismiss Bradley's state law claims as being barred by *res judicata*. [Record No. 20]. In addition, the Defendants contended that Bradley's claims should be dismissed because the post-deprivation procedures provided to her were adequate and that no due prcess or Fourteenth Amendment violations had occurred. [Record No. 23] Further, Fannin argued that his allegedly derogatory statements were privileged and that the claims against him in his individual capacity are barred by the doctrine of qualified official immunity. In addition

to these motions, Bradley filed a motion for partial summary judgment with respect to her claim that she was denied a name-clearing hearing (Count 1). [Record No. 24]

On September 7, 2005, the Court denied Bradley's request to hold this matter in abeyance concluding that it would not be a waste of time and/or judicial resources to proceed to trial as scheduled. [Record No. 26] In reviewing the file in connection with Bradley's motion, it appeared that the doctrine of *res judicata* may be applied to all claims – not just the Plaintiff's state law claims. Accordingly, the Court directed the parties to file supplemental memoranda concerning this issue. [Record No. 27] The parties having now complied with the Court's September 7, 2005 Order, all issues are ripe for review.

## II. LEGAL ANALYSIS

The Defendants' initial motion to dismiss asserts that the Court should dismiss Bradley's state law claims (Counts IV and V) because they have been resolved by the Floyd Circuit Court. Under 28 U.S.C. § 1738, they contend that this judgment is entitled to full faith and credit. *Allen v. McCurry*, 449 U.S. 90 (1980). In addition, the Defendants argue that even if the preclusive effect of the state court judgment is ignored, this Court should decline to exercise pendent jurisdiction over these claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). Pursuant to the Court's direction, the Defendants' supplemental memorandum addressed the question of whether *res judicata* bars Bradley's §1983 claims as well as her claims of wrongful discharge and breach of contract.

### A. Concurrent Jurisdiction

As noted above, Bradley litigated her state law claims in state court to judgment. However, she did not attempt to amend her pleadings to assert any federal claims in that action. Instead, after she was unable to voluntarily dismiss her state court action, she voluntarily proceeded to trial on April 11, 2005. Regardless of her reasons, Bradley's decision to forego the addition of §1983 claims will prevent her from proceeding with these claims in this Court if the state court action is considered "final." Bradley could have raised her §1983 claims in the Floyd Circuit Court because state courts may exercise jurisdiction over such claims. *Maine v. Thiboutot*, 448 U.S. 1,3 (1980); *Scott v. Campell County Board of Education*, 618 S.W. 2d 589, 590 (1981). Here, while the plaintiff sought to dismiss her state law claims in the Floyd Circuit Court, she never attempted to amend her complaint under Rule 15 of the Kentucky Rules of Civil Procedure to assert any federal claims. Therefore, this Court cannot conclude that she used reasonable diligence in attempting to pursue those claims.

### B. Res Judicata

Where a party would have a federal court give preclusive effect to a state court determination, the federal court must look to the state's application of *res judicata* principles to resolve this question. *Knott v. Sullivan*, 418 F.3d 561 (6th Cir. 2005). Kentucky state law applies *res judicata* to bar not just asserted claims, but all claims which should have been raised in prior litigation. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 520 (6th Cir. 2004) "It has long been recognized that a party may not split its cause of action, therefore, if a cause of action should have been presented and the party failed to do so and the matter should again arise in another

action, it will be held that the first action was res adjudicata as to all causes that should have properly been presented." *Newman v. Newman*, 451 S.W.2d 417, 419 (Ky. 1970).

A party may choose to reserve its federal claims for federal court, while pursuing state claims in state court. *England v. Louisiana State Bd. of Medical Examiners*, 375 U.S. 411 (U.S. 1964). This will allow a plaintiff to pursue a federal action on only federal law claims without *res judicata* barring those claims, even though they could have been heard in state court. *DLX*, 381 at 524. However, a failure to do so will result in *res judicata* barring those claims not reserved. *Id.*

Kentucky courts follow a broad application of *res judicata*. *Whittaker v. Cecil*, 69 S.W.3d 69 (Ky. 2002). Kentucky law provides that, in order for *res judicata* to apply, three conditions must be met. "First, there must be identity of parties. Second, there must be identity of the two causes of action. Third, the action must be decided upon its merits." *DLX*, 381 F.3d at 521. If applicable, *res judicata* will bar not only the claims that are identical to those actually litigated, but also those that arise out of the same transaction. *San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 125 S.Ct. 2491 (2005); *Colton v. Ashcroft*, 299 F.Supp. 2d 681 (E.D.Ky. 2004); *Whittaker*, 69 S.W. 3d 69.

In the present case, the parties are identical. Also, the causes of action are substantially similar: both arise out of the same series of events which led to Bradley's firing. Third, the Floyd Circuit Court's judgment was a decision on the merits. Likewise, it is a final judgment notwithstanding the fact that an appeal is pending. *Huron Holding Co. v. Lincoln Mine Operating Co.*, 312 U.S. 183 (1941). As noted above, Bradley could have brought her federal

claims in state court had she so chosen, as Rule 15 of Kentucky Rules of Civil Procedure would allow her to amend her pleading to pursue her §1983 claims in state court. Her claims, therefore, are barred by the doctrine of *res judicata* and Defendants motion to dismiss will be granted.

### III. CONCLUSION

For the reasons discussed herein, it is **ORDERED** as follows:

(1) Defendants' Motion to Dismiss [Record No. 20] is **GRANTED** and the claims asserted in this action by Plaintiff Pat Bradley against the Defendants are **DISMISSED** with prejudice.

(2) All other motions are **DENIED**, as moot.

(3) The trial and pretrial conference filing obligations and dates are **SET ASIDE** and **CANCELLED**.

This 6th day of October, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge